UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                           Case No. 8:10-bk-11072-CED
                                                                                 Chapter 13

Dennis D. Visintainer,

       Debtor.
_____/

**MEMORANDUM OPINION AND ORDER DENYING
DEBTOR'S MOTION TO RECONSIDER AND
<u>VACATE THE ORDER STRIKING AMENDED CHAPTER 13 PLAN</u>**

      In this Chapter 13 case, the Debtor has moved for reconsideration of this Court's Order Striking Chapter 13 Plan. The issue presented is whether the bankruptcy court may require Chapter 13 debtors to file Chapter 13 plans which conform to the "Model Plan" adopted for use by the judges of the Middle District of Florida, Tampa and Fort Myers Divisions. Because bankruptcy courts are charged with an independent duty to ensure that Chapter 13 plans comply with the confirmation standards of the Bankruptcy Code, the Court concludes that it may prescribe the form of Chapter 13 plan filed by Chapter 13 debtors. Accordingly, the Debtor's Motion to Reconsider and Vacate the Order Striking Amended Chapter 13 Plan is denied.

*Factual Background*

      The Debtor, Dennis D. Visintainer ("Debtor") filed his voluntary petition under Chapter 13 on May 10, 2010. He also filed a Chapter 13 Plan (Doc. No. 4). The plan was consistent with the Model Plan adopted for use by this Court, except that the "Other Provisions" section of the plan included an additional 25 paragraphs of boilerplate form language. On July 21, 2010, the Debtor filed his Amended Plan (Doc. No. 26) (the "Plan") which included the same 25 paragraphs of boilerplate form language. Each of the 25 paragraphs appears to address an issue which is either already covered by the Bankruptcy Code or the Bankruptcy Rules, is already addressed by other orders of the Court, or unilaterally sets deadlines for creditors to take certain action, i.e., for secured creditors to file deficiency claims.

      Another paragraph of the Plan, providing for the waiver of a creditor's right to enforce an arbitration provision upon its acceptance of Plan payments and the Debtor's rejection of contractual provisions regarding arbitration and alternative dispute resolution, appears to conflict with Eleventh Circuit case law.[1]

---

[1] *See In re Electric Machinery Enterprises*, 479 F. 3d 791, 796 (11th Cir. 2007) ("In general, bankruptcy courts do not have the discretion to decline to enforce an arbitration agreement relating to a non-core proceeding. However, even if a proceeding is determined to be a core proceeding, the bankruptcy court must still analyze whether enforcing a valid arbitration agreement would inherently conflict with the underlying purposes of the Bankruptcy Code." (Citations omitted)).

On July 23, 2010, the Court entered its Order Striking Chapter 13 Plan (Doc. No. 27) on the grounds that the Plan did not conform to the Model Plan adopted for use by the judges of the Middle District of Florida, Tampa and Fort Myers Divisions. The order stated that the Plan was stricken, and that the Debtor was to file an amended plan within seven days of the date of the order, failing which, the Court would consider dismissal of the case *sua sponte*. The Debtor timely filed a motion for reconsideration (Doc. No. 29), which was heard by the Court on August 12, 2010. At the conclusion of the hearing, the Court made oral findings of fact and conclusions of law, denied the motion for reconsideration and ordered that a second amended plan be filed within seven days. The Court entered an order on its ruling (Doc. No. 32); this Memorandum Opinion supplements that order.

### *Development of the Model Chapter 13 Plan*

Prior to March 2010, there was no prescribed form of Chapter 13 plan in the Tampa or Fort Myers Divisions. The following is a brief summary of the development of the Model Plan, which is now required in both divisions.

The Tampa Bay Bankruptcy Bar Association ("TBBBA") sponsors a "Judicial Liaison Committee" which meets quarterly to discuss procedural issues affecting bankruptcy practice. In November 2009, the Liaison Committee met to address issues arising in Chapter 13 cases. Prior to the meeting, the Tampa judges had discussed the need to update certain form Chapter 13 orders (the "Chapter 13 Orders") so that they would be consistent with each other and with current practices. In addition, the Chapter 13 Trustees for Tampa and Fort Myers had suggested the adoption of a Model Plan to (1) ease their administration of Chapter 13 cases, (2) assist creditors in evaluating Chapter 13 plans, and (3) ensure that plan provisions are in compliance with the Bankruptcy Code. The Trustees provided the judges with a proposed Model Plan.

The November 2009 meeting was attended by the judges, the Trustees, the Trustees' staff attorneys, the acting Assistant United States Trustee for the Tampa and Fort Myers Divisions, three creditors' attorneys and two debtors' attorneys. All present reviewed the proposed revisions to the Model Plan and the Chapter 13 Orders. Throughout the months of November and December 2009, comments on the proposed revisions and the Model Plan were collected from the meeting attendees. Additional revisions were made and reviewed at a second Liaison Committee meeting in January 2010. A general consensus approving the documents was reached.

In February 2010, the revised Chapter 13 Orders and the Model Plan were presented at the TBBBA monthly luncheon in Tampa. Members of the bar were invited to comment, both at the meeting itself and by email. Suggested revisions were reviewed by the judges and incorporated in the documents. Thereafter, the Deputy Clerk in Charge of the Tampa and Fort Myers Divisions met with members of the Fort Myers bar at a Southwest Florida Bankruptcy Professionals Association luncheon to review the new forms, and received additional comments. When the documents were finalized, an email was sent to all Tampa and Fort Myers CM/ECF users to advise them of the revised Chapter 13 Orders, as well as the requirement that Chapter 13 debtors use the Model Plan.

One of the Chapter 13 Orders[2] entered in the Debtor's case (and which is entered at the inception of every Chapter 13 case) requires debtors to file plans that are in the form of the Model Plan. The order states that modifications to the Model Plan shall be permitted only if set forth in the "Other Provisions" section of the plan and directs debtors and their counsel to obtain the Model Plan from the Court's website. The last section of the Model Plan, titled "Other Provisions," includes four numbered paragraphs covering general issues applicable to all Chapter 13 cases. (The most recent iteration of the Model Plan – adopted subsequent to the filing of the Debtor's case – includes a revision that makes it clear that the types of "other provisions" that are contemplated by the Model Plan are provisions that apply specifically to the particular case at issue, and not to all cases in general:  new paragraph 5 titled "Case Specific Provisions" has been added to the "Other Provisions" section.)

Until July 2010, compliance with the required use of the Model Plan was voluntary. Starting in July, all judges in the Tampa and Fort Myers Divisions authorized their case managers to enter orders striking non-conforming plans. The orders provided the debtors with seven days within which to file a conforming plan, or the Court would *sua sponte* consider dismissal or conversion.

### *Survey of Other Courts' Model Plans and Practices*

There are 89 districts in the 50 states – each with an associated bankruptcy court. In addition, five territorial districts have bankruptcy courts. A review of the websites of the 94 bankruptcy courts indicates that 65 (approximately 70 percent) of the courts utilize model Chapter 13 plans.

Many bankruptcy courts require the debtor and debtor's counsel to certify that the submitted chapter 13 plan conforms to the district's model plan.[3] Samples of certification language include:

> "I also certify that this plan does not differ from the plan prescribed by Local Rule 3015-1(b) and Standing Order 2010-1, except as noted in the "Other Matters" section of the plan, paragraph __."[4]

> "Plan not Altered from Official Form. By filing this plan, debtor(s) and their counsel represent that the plan is in the official form authorized by the Court. There are no addenda or other changes made to this form."[5]

---

[2] The "Order Establishing (1) Duties of Trustee and Debtor, (2) Plan Confirmation Procedures, (3) Requirements for Debtor's Compliance, (4) Procedures for Allowance of Administrative Expenses, and (5) Procedures for Adequate Protection to Secured Creditors."

[3] *See* Chapter 13 model plans for the following jurisdictions:  Bankr. D. Alaska; Bankr. E.D. Wash.; Bankr. E.D. Cal.; Bankr. W.D. Wash.; Bankr. N.D. Cal (Oakland Div.); Bankr. D. Nev.; Bankr. N.D. Cal. (San. Fran. Div.); Bankr. E.D. Tex.; Bankr. N.D. Cal. (San Jose Div.); Bankr. S.D. Tex.; Bankr. S.D. Cal.; Bankr. M.D. La.; Bankr. D. Haw.; Bankr. D. Idaho; Bankr. D. Colo.; Bankr. D. N.M.; Bankr. E.D. Okla.

[4] Bankr. M.D. La.

[5] Bankr. S.D. Tex.

Some bankruptcy courts allow deviations from their model plans only with leave of court.[6] And some courts limit the subject matter of non-conforming provisions with model plan language similar to the following:

> "Additional Provision: Any deviations from this form Plan are required to be set forth below and should not contain a restatement of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure or Local Bankruptcy Rules."[7]

> "Note: Special Provisions shall NOT contain a restatement of provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure or the Local Bankruptcy Rules, nor shall this section contain boilerplate language regarding the treatment of mortgages, mortgage arrearages, proofs of claim, consumer protection provisions or the like. *See* General Order No. 7."[8]

Approximately 87 percent (57 of the 65 districts) of the model plans reviewed include an "Other Provisions" section. Most provide three or four lines for the other provisions to be inserted. Several jurisdictions appear to define the types of provisions that may be included in the plan by titling those sections as "Specific Non-Conforming Special Plan Provisions (if any),"[9] "Supplemental Plan Provisions,"[10] "Non-Standard Provisions,"[11] "Additional Special Provisions,"[12] and "Other (explain)."[13]

### *Conclusions of Law*

1. Bankruptcy Courts Have an Obligation to Ensure that Chapter 13 Plans Conform to Statutory Requirements.

Section 1327(a) of the Bankruptcy Code provides that the provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of the creditor is provided for by the plan. Absent a timely appeal, the confirmed plan is *res judicata,* and its terms are not subject to collateral attack.[14]

In *Student Aid Funds, Inc. v. Espinosa*,[15] the United States Supreme Court recently reinforced the concept that orders confirming Chapter 13 plans are final orders. In *Espinosa*, a student loan creditor challenged, post-confirmation, a Chapter 13 plan provision that discharged interest on the debtor's student loan because the debtor had failed to file an adversary proceeding to establish that repayment of the loan would constitute an undue hardship under section 523(a)(8). The Supreme Court found that although the bankruptcy court's failure to make an undue hardship

---

[6] Bankr. S.D. Ill.; Bankr. D. Mont.
[7] Bankr. N.D. Ohio.
[8] Bankr. S.D. Ohio.
[9] Bankr. N.H.
[10] Bankr. W.D. Tex.
[11] Bankr. Md.
[12] Bankr. N.D. Miss.
[13] Bankr. W.Va.
[14] 8 Collier on Bankruptcy ¶ 1327.02[1] (Alan N. Resnich & Henry J. Sommer eds., 16th ed.).
[15] 130 S. Ct. 1367 (U.S. 2010).

finding was a legal error, the confirmation order was enforceable and binding because the creditor had notice of the error and failed to object or file a timely appeal. Importantly, the Supreme Court stated that the bankruptcy court has an independent duty to ensure that plans comply with the statutory confirmation requirements, even in the absence of a party's objection. The Court stated that "the Code makes plain that bankruptcy courts have the authority – indeed, the obligation – to direct a debtor to conform his plan to the requirements of §§ 1328(a)(2) and 523(a)(8)," because section 1325(a) "instructs a bankruptcy court to confirm a plan only if the court finds, *inter alia,* that the plan complies with the 'applicable provisions' of the Code."[16]

Similarly, in *In re Bateman,* the Eleventh Circuit Court of Appeals denied a secured creditor's attempt to collaterally attack a confirmed Chapter 13 plan, even though the plan conflicted with the mandatory provisions of the Bankruptcy Code because the creditor had failed to object to the plan or timely appeal the confirmation order.[17] In supporting its holding, the court stated, "[a]ccordingly, we decline to unravel three years of diligent execution of the Plan to correct a discrepancy that every party in interest – Bateman, Universal, the trustee, and even the bankruptcy judge – should have noticed and rectified before the Plan was confirmed."[18]

       2.       The Bankruptcy Code Does Not Limit the Court's Authority to Adopt a Model Plan.

At the hearing on his motion for reconsideration, the Debtor argued that the Bankruptcy Code itself limits the Court's ability to require a debtor to use the Model Plan. The Debtor contends that section 1321 ("[t]he debtor shall file a plan") and section 1322(b)(11) (the plan may "include any other appropriate provision not inconsistent with this title") give a Chapter 13 debtor the absolute – and sole – right to draft the language of the plan. The Debtor also cited *In re Euler*[19] ("It is clear that the drafters of the Bankruptcy Code intended that the Debtor has the exclusive right to propose a plan dealing with the Debtor's assets and liabilities existing as of the date of confirmation of that Plan.") and *In re Woods*[20] (as the sole person responsible for proposing a plan, the debtor "has the responsibility of seeing that any specific proposed language is included in the confirmed plan.").

The authorities cited by the Debtor stand for only one principle: that only the debtor may propose a Chapter 13 plan. This is unlike Chapter 11, which devotes an entire section – section 1121 – to "who may file a plan." This Court's adoption and requirement of a Model Plan does not conflict with the Code or the case law. And the Model Plan permits a debtor to supplement the plan with any case specific provisions.

*Conclusion*

Bankruptcy courts are charged with an independent duty to ensure that Chapter 13 plans comply with the confirmation standards of the Bankruptcy Code. The judges of the Tampa and Fort Myers Divisions of the Middle District of Florida have concurred that a uniform Chapter 13 plan

---

[16] *Id.* at 1381.
[17] *In re Bateman,* 331 F.3d 821 (11th Cir. 2003).
[18] *Id.* at 833.
[19] 251 B.R. 740, 743 (Bankr. M.D. Fla. 2000).
[20] 257 B.R. 876, 877 (Bankr. W.D. Tenn. 2000).

enables the Court to efficiently review Chapter 13 plans to ensure that they conform to the statutory standards.  The Model Plan that has been developed in the Tampa and Fort Myers Divisions was developed with input from the Bar and is consistent with model plans in use by bankruptcy courts throughout the country.

Accordingly, for the reasons set forth above, which shall supplement this Court's findings of fact and conclusions of law stated on the record at the hearing on the motion for reconsideration on August 12, 2010, it is

**ORDERED** that the Motion to Reconsider and Vacate the Order Striking Amended Chapter 13 Plan (Doc. No. 29) is denied.

September 13, 2010

**DONE** and **ORDERED** in Chambers at Tampa, Florida, on _____.

_____
Caryl E. Delano
United States Bankruptcy Judge

Copies to:

Carmen Dellutri, Esquire, Counsel for Debtor
Terry E. Smith, Chapter 13 Trustee